**William THRUSH, an individual dba Thrush Fasteners Inc., Plaintiff—Appellant,**

v.

**THE HILLMAN GROUP, INCORPORATED, Defendant—Appellee.**

No. 03–16015.

D.C. No. CV–01–01588–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 20, 2004.

[Ret] Kathryn A. Clark, Roseville, CA, for Plaintiff–Appellant.

Mark H. Van Brussel, Esq., Seyfarth Shaw, Stephen J. Greene Jr., Sweeney, Davidian & Greene LLP., Sacramento, CA, for Defendant–Appellee.

Before HALL, BRUNETTI, and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Appellant Thrush challenges the district court's grant of summary judgment in favor of Hillman with respect to Thrush's claim that Hillman gave away products with the intent to injure Thrush in violation of California's Unfair Trade Practices Act, Bus. & Prof.Code § 17043. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's ruling.

Sitting in diversity, we apply the substantive law of California. We review *de novo* a grant of summary judgment, drawing all inferences in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

The California Unfair Trade Practices Act provides that "it is unlawful for any person engaged in business within this state to sell any article or product at less than the cost thereof to such vender, or to give away any article or product for the purpose of injuring competitors or destroying competition." Cal. Bus. & Prof. Code § 17043.

In granting summary judgment, the district court held that the racks amounted to a permissible ancillary gift as a matter of law. *Co Opportunities, Inc. v. Nat. Broadcasting Co., Inc.,* 510 F.Supp. 43, 50 (N.D.Cal.1981) (holding that "the language in § 17043 about 'giving away' a product refers to the giving away of a product that one normally sells"). Because the district court found that Hillman was giving away racks, a product it did not normally sell, the court held that there could be no § 17043 violation.

The district court erred, however, in considering this characterization dispositive. As the California Court of Appeal

of this circuit except as provided by Ninth Circuit Rule 36–3.

held in *Paramount General Hospital Co. v. National Medical Enterprises, Inc.,* 42 Cal.App.3d 496, 117 Cal.Rptr. 42 (1974), "From the point of view of the Act's purpose—the fostering and encouragement of competition—it cannot matter which element of a package is functionally 'ancillary' to the other: what is vital is whether the part of the package clearly covered by the Act is so substantial that cost-cutting with respect to it can be used as a means to injure or destroy competition." *Id.* at 503, 117 Cal.Rptr. 42. Therefore, the proper inquiry is whether the combined sale price for the racks and fasteners is less than the cost to Hillman of the racks and fasteners taken together.

■ Thrush has presented no evidence that Hillman sold racks and fasteners, as a package, for less than the total cost of the package. Accordingly, we affirm the district court's grant of summary judgment in favor of Hillman.

AFFIRMED.

